UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HECTOR DOMINGUEZ-GABRIEL,                                   :
                                                            :    OPINION AND ORDER
                              Movant,                       :
                                                            :    14 Civ. 95 (RPP)
         -against-                                          :    09 Cr. 157 (RPP)
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                              Respondent.                   :
                                                            :
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

On January 13, 2014, this Court issued an order construing the Rule 33(b) motion of Hector Dominguez-Gabriel ("Dominguez-Gabriel"), pro se, as a habeas petition under Title 28, United States Code, Section 2255.  (Order as to Dominguez-Gabriel ("Order"), 14 Civ. 95, ECF No. 2.)  In its Order, the Court gave Dominguez-Gabriel the opportunity to notify the Court in writing within sixty days, should he object to the Court's designation of his motion as a § 2255 petition and wish to withdraw the motion.  (Id. at 5.)  On January 21, 2014, the Court received an affidavit from Dominguez-Gabriel stating that he filed a motion for a new trial, pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure, and "did not wish for it to be construed as a 28 U.S.C. § 2255 motion."  (Affidavit of Dominguez-Gabriel ("Affidavit"), 14 Civ. 95, ECF No. 3.)  Accordingly, the Court will not construe Dominguez-Gabriel's motion as a habeas petition, and the Clerk of the Court is directed to close the case opened by this Court as a § 2255 motion, under Docket Number 14 Civ. 95 (RPP).

Dominguez-Gabriel continues to seek relief under Rule 33(b)(1) and asks the Court to grant his motion for a new trial.  (See Def.'s Reply to the Court's Order ("Reply"), Feb. 5, 2014,

09 Cr. 157, ECF No. 120.)  However, as the Court stated in its January 13, 2014 Order, no relief is available to Dominguez-Gabriel under Rule 33.  (See Order at 2 ("Dominguez-Gabriel's motion must be construed as a motion for relief under 28 U.S.C. § 2255 because he has not presented any newly discovered evidence, as is required to support a Rule 33 motion.").)

Because a Rule 33 motion must generally be filed within fourteen days of a verdict, Dominguez-Gabriel is only eligible for Rule 33 relief if his motion is "grounded on newly discovered evidence."  Fed. R. Crim. P. 33(b) ("Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years of after the verdict or finding of guilty.").  A Rule 33 motion based on "newly discovered evidence" requires that: "(1) the evidence be newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal."  United States v. Owen, 500 F.3d 83, 88 (2d Cir. 2007.)  A movant's "ultimate burden on a Rule 33 motion is to demonstrate that newly discovered evidence would likely result in an acquittal," see DiMattina v. United States, 949 F. Supp. 2d 387, 397 (E.D.N.Y. 2013) (citing Owen, 500 F.3d at 88), and relief should only be granted if there is "a real concern that an innocent person may have been convicted."  United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992).  Motions for a new trial "should be granted only with great caution and in the most extraordinary circumstances."  Id.

Here, the Court has considered all of Dominguez-Gabriel's arguments, which he claims involve newly discovered evidence, including his arguments that: (1) "the district court[] 'rigg[ed]'. . . the direct appeal"; (2) "[j]urisdiction was never 'proven' prior to conducting the jury trial"; (3) counsel for Dominguez-Gabriel refused to argue "constructive amendment" of the

indictment; (4) the district court "ignored a challenge to the grand jury process"; (5) the Court failed to comply with the Vienna Convention on Consular Relations; and (6) Dominguez-Gabriel could not have "provided cocaine to 'Araujo' in the fall of 2003 . . . since Araujo was in jail in Oklahoma at this time."[1]  (Reply at 2-3.)  These claims, which are a combination of ineffective assistance of counsel claims and other challenges to the constitutionality of Dominguez-Gabriel's conviction, do not present new evidence within the meaning of Rule 33 of the Federal Rules of Criminal Procedure.  See Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"); United States v. Castillo, 14 F.3d 802, 805 ("[I]neffective assistance of counsel claims do not present new evidence within the meaning of Rule 33.") (citing United States v. Dukes, 727 F.2d 34, 39 (2d Cir. 1984).  Because Dominguez-Gabriel's Rule 33 motion does not meet its burden to show that there is "newly discovered evidence" that "would likely result in an acquittal," Owen, 500 F.3d at 88, his motion for a new trial cannot be granted.

Dominguez-Gabriel has also asked the Court to reconsider its denial of Domignuez-Gabriel's request for the Court's recusal, citing In re United States, 441 F.3d 44 (1st Cir. 2006). (Reply at 2.)  However, as the First Circuit stated in In re United States, "[t]he trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal."  441 F.3d at 67. Here, there is no objective basis for Dominguez-Gabriel's claim that the Court "has a bias and

---

[1] Dominguez-Gabriel's claim that he could not have provided cocaine to Manuel Alexander Araujo ("Araujo") in 2003 was not alleged in Dominguez-Gabriel's initial motion for a new trial, filed on December 18, 2013 (Mot. for a New Trial, 09 Cr. 156, ECF No. 112), but is referenced in Dominguez-Gabriel's reply to the Court's January 13, 2014 Order.  (Reply at 3.)  On its face, this claim more closely resembles "newly discovered evidence" within the meaning of Rule 33 than Dominguez-Gabriel's other claims.  However, Dominguez-Gabriel's allegations as to Araujo are not "newly discovered evidence" within the meaning of Rule 33.  Rather, Dominguez-Gabriel, through his counsel, raised the same point in a motion for a new trial and judgment of acquittal on February 18, 2011 (see Mot. for New Trial & J. of Acquittal at 15-18, ECF No. 72), which the Court already considered in an Opinion and Order on April 22, 2011.  (See Op. & Order re Mot. for New Trial & J. of Acquittal at 22-23, ECF No. 76 (denying Dominguez-Gabriel's Fed. R. Crim. P. 29(c) and 33 motions).)  Accordingly, Dominguez-Gabriel's allegations with respect to the time Araujo spent in jail in 2003 are not "newly discovered evidence," nor are they "likely [to] result in an acquittal."  Owen, 500 F.3d at 88.

prejudice against him, which is personal, as opposed to judicial in nature," (Affidavit at 1); Dominguez-Gabriel does not cite to any facts in support of his bias claim, beyond the fact that the Court did not rule in his favor in certain instances.  Accordingly, Dominguez-Gabriel's complaints do not meet the standards governing disqualification, and the Court is "prohibited" from granting recusal.  See In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001) ("[W]here the standards governing disqualification have not been met, disqualification is not optional, rather, it is prohibited.").

　　　　For these reasons, Dominguez-Gabriel's motion for a new trial will not be designated as a § 2255 petition, and Dominguez-Gabriel's motion for a new trial is DENIED.  Because Dominguez-Gabriel has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

IT IS SO ORDERED.

Dated: New York, NY
February 13, 2014

　　　　　　　　　　　　　　　　　　　　　　　　__s/s_____
　　　　　　　　　　　　　　　　　　　　　　　　Robert P. Patterson, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.


**Copies of this Order were mailed/faxed to:**

Hector Dominguez-Gabriel
Reg. No. 86202-004
Federal Medical Center – Devens
P.O. Box 879, Unit G-B
Ayer, MA 01432

**Benjamin Naftalis**
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2456
Fax: (212) 637-2527
Email: benjamin.naftalis@usdoj.gov